```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA

ANNETTE S. WALLACE,            )
                               )
          Plaintiff,           )
                               )
v.                             )  Case No. CIV-23-056-JAR
                               )
COMMISSIONER OF THE SOCIAL     )
SECURITY ADMINISTRATION,       )
                               )
          Defendant.           )
```

## OPINION AND ORDER

Plaintiff Annette S. Wallace (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is ordered that the Commissioner's decision be **AFFIRMED**.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 60 years old at the time of the ALJ's latest decision. Claimant completed her high school education and four or more years of college. Claimant has past relevant work as a therapist, social services coordinator, and project manager.

3

Claimant alleges an inability to work beginning June 29, 2020 due to limitations resulting from lumbar spondylolisthesis, lumbar stenosis, neurogenic claudication, hypertension, fibromyalgia, depression/anxiety/anger issues, right foot injury, carpal tunnel of the right wrist, sleep apnea, and bilateral lumbar radiculopathy.

## Procedural History

On February 7, 2017, Claimant protectively filed for insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act.  Claimant's application was denied initially and but upon reconsideration, Claimant was found to be disabled since May 8, 2017. Her attempts to have the onset date moved to September 1, 2015 were unsuccessful.

On January 7, 2021, Claimant filed another Title II application, alleging an inability to work beginning June 29, 2020. Claimant's application was denied initially and upon reconsideration.  On April 7, 2022, Administrative Law Judge ("ALJ") Luke Liter conducted an administrative hearing by telephone due to the extraordinary circumstances posed by the COVID-19 pandemic.  On July 19, 2022, the ALJ issued an unfavorable decision.  On December 15, 2022, the Appeals Council denied

4

review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that, while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform work at the light work level.

### Error Alleged for Review

Claimant asserts the ALJ erred in (1) not considering the record as a whole when drawing his conclusions; (2) not considering Claimant's mental health limitations in the RFC; (3) reaching a disability determination not supported by substantial evidence; and (4) lacking substantial evidence to support the finding that Claimant could perform her past relevant work.

### Consideration of the Record as a Whole

In his decision, the ALJ determined Claimant suffered from the severe impairments of obesity and lumbar spine impairment. (Tr. 20). The ALJ found none of Claimant's conditions met a listing. (Tr. 21). As a result of the limitations caused by Claimant's severe impairments, the ALJ found Claimant could

perform light work.  (Tr. 21).  In so doing, the ALJ found Claimant was able to lift or carry, push or pull 20 pounds occasionally and ten pounds frequently; sit for six hours out of an eight hour workday; stand or walk for a combined total of six hours out of an eight hour workday; could occasionally climb ramps or stairs, but should avoid climbing ladders, ropes, or scaffolds.  Claimant was found to occasionally kneel, stoop, crouch, crawl, and balance on uneven, moving, or narrow surfaces.  (Tr. 22).

After consultation with a vocational expert, the ALJ determined that Claimant retained the residual functional capacity to perform her past relevant work as a therapist, a social services coordinator, and a project manager, all performed at the sedentary level.  (Tr. 33).  Consequently, the ALJ found that Claimant had not been under a disability from June 29, 2020 through the date last insured of June 30, 2020.  (Tr. 33).

This Court would first point out that Claimant's brief lacks any citations to the administrative record and is limited in its usefulness in its brevity.  Claimant first contends that the ALJ improperly restricted his review of evidence to the time between her onset date and date last insured.  This is not correct.  The ALJ expressly considered medical records for a period at least one

year before the onset date and at least six months after the date last insured. (Tr. 23-28). Claimant references instances where she had anger issues while driving, at medical facilities, at work, and other public places, referencing medical records from 2016. These records are remote to the onset date and date of last insured. Moreover, they indicate Claimant used abusive language then apologized. (Tr. 655-56). This is not helpful to Claimant's position that she suffered from a mental impairment. No psychological conditions were diagnosed and her mental status evaluation was normal. Id. No error is attributable to the ALJ's consideration of the record.

### Mental Impairment Evidence

Claimant also contends the ALJ improperly failed to find a mental impairment in the RFC. The only other report referenced in the Claimant's brief is a third-party statement that indicated Claimant was fired for bullying. Again, nothing in the record indicates that any of Claimant's behavior was attributable to a mental impairment or condition – and Claimant does not direct this Court to any such record in the briefing.

Indeed, the ALJ determined Claimant's statements of limitations were inconsistent with the medical evidence. (Tr.

7

26). As pointed out by Defendant, for the period surrounding the onset date and date of last insured, Claimant made no psychological complaints, no provider diagnosed any psychological impairment or condition, and all mental status examinations were fully normal. (Tr. 799, 1208-09, 1279-80, 1290, 1302-03). The medical review information from Dr. Lisa Swisher and Dr. Stephanie Crall supports the finding of no mental medically determinable impairments. (Tr. 109-10, 128-29).

The other two arguments raised in the briefing – that the ALJ's decision was generally not supported by substantial evidence to perform her past relevant work – are not fleshed out in the three pages of briefing. It is not this Court's responsibility to create Claimant's arguments out of thin air, serving as both advocate and judge. *See* Keyes-Zachary v. Astrue, 695 F.3d 1156, 1161 (10th Cir. 2012)("We will consider and discuss only those of [claimant's] contentions that have been adequately briefed for our review.") A review of the decision of the ALJ reflects due consideration of the medical evidence and support for the conclusions drawn. This Court finds no error in the assessment.

## Conclusion

The decision of the Commissioner is not supported by

substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 30th day of March, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE